I concur in Part I, dealing with the speedy-trial issue, and in Part II, dealing wit the juror-misconduct issue. As to Part III, dealing with the jury-override issue, I concur in the result.
I endorse the analysis in Crowe v. State, 485 So.2d 351 (Ala.Crim.App. 1984), rev'd on other grounds, 485 So.2d 373 (Ala. 1985), cert. denied,477 U.S. 909 (1986) (the § 11 preservation of the right to trial by jury is a preservation of that right as it existed at the time of the enactment of Alabama's first constitution). Because the jury had no role in sentencing until 1841, after the ratification of our first constitution in 1819, our jury-override statute does not violate § 11, Ala. Const. 1901. Moreover, if we followed Smith v. Schulte,671 So.2d 1334 (Ala. 1995), cert. denied, 517 U.S. 1220 (1996), andHenderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993), and gave primacy to the jury in matters dealing with punishment, then we would perhaps be reverting to a system that would violate the United States Constitution. See Furman v. Georgia, 408 U.S. 238 (1972), and Gregg v.Georgia, 428 U.S. 153 (1976).